**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**PHILIP P. FREDERIC**                                                                          **PLAINTIFF**
**ADC #167147**

**VS.**                                        **4:20-CV-00551-BRW**

**STATE OF ARKANSAS, *et al.***                                                    **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff Philip P. Frederic ("Plaintiff"), in custody at the Tucker Unit of the Arkansas

Department of Corrections, filed this case *pro se* and submitted a Motion to Proceed *In Forma*

*Pauperis* (Doc. Nos. 1, 2). Because Plaintiff provided the documentation required by 28 U.S.C.

§ 1915(a), his request to proceed *in forma pauperis* (Doc. No. 1) is GRANTED.[1]

**I.     *In Forma Pauperis* Application**

If a prisoner is permitted to file a civil action *in forma pauperis,* he still must pay the

$350.00 filing fee.[2]  The only question is whether he will pay the entire filing fee at the

beginning of the lawsuit or pay in installments over a period of time.[3]  To proceed *in forma*

---

[1] Plaintiff is notified of his responsibility to comply with the Local Rules of the Court,
including Rule 5.5(c)(2):

> It is the duty of any party not represented by counsel to promptly notify the
> Clerk and the other parties to the proceedings of any change in his or her
> address, to monitor the progress of the case, and to prosecute or defend the
> action diligently. A party appearing for himself/herself shall sign his/her
> pleadings and state his/her address, zip code, and telephone number. If any
> communication from the Court to a pro se plaintiff is not responded to
> within thirty (30) days, the case may be dismissed without prejudice. Any
> party proceeding pro se shall be expected to be familiar with and follow the
> Federal Rules of Civil Procedure.

[2] 28 U.S.C. §1915(b)(1).

[3] *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).

*pauperis*, an inmate must file an application and attach a calculation sheet that shows his trust account balances.[4] Based on the information provided, the Court will determine how the filing fee is to be paid. If an inmate is allowed to pay over time, he has to pay all of the filing fee, even if the case is dismissed before trial, and no part of the fee will be refunded.

Plaintiff's calculation sheet shows that he has an average monthly deposit of $0.00.[5] Accordingly, I will not assess an initial partial filing fee. His present custodian, the Warden of the Tucker Unit of the Arkansas Department of Corrections, or his designee, or any future custodian, will collect the will collect the $350.00 filing fee in monthly payments of 20% of the preceding month's income credited to Plaintiff's inmate trust account, whenever the account has more than $10.00. The payments should be clearly identified by the name and number assigned to this action.

## II.    Screening

I must screen prisoner complaints that seek relief against a government entity, officer, or employee.[6] I will dismiss any part of a complaint raising claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek money from a defendant who is immune from paying damages.[7]

Plaintiff explains that he was illegally convicted in state court of conspiracy to commit rape; the appeal in his criminal case is currently pending.[8] Plaintiff alleges the judge in his

_____

[4] The calculation sheet must be signed by an authorized officer at the facility or unit where the inmate is being held.

[5] Doc. No. 1.

[6] 28 U.S.C. § 1915A; 28 U.S.C. § 1915.

[7] 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e).

[8] Doc. No. 2.

criminal case conspired with his defense lawyer and others to violate his constitutional rights throughout the criminal proceedings against him.[9]  He seeks damages for the "illegal conviction, sentence, and incarceration in Faulkner County Detention and the Arkansas Department of Corrections . . . ."[10]

Plaintiff's claims in his federal case should be stayed.  In *Younger v. Harris,*[11] the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.[12]

The *Younger* abstention doctrine is appropriate where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue for reviewing his constitutional claims in state court.[13]  Here, Arkansas has an important interest in resolving the appeal in Plaintiff's criminal case, and Plaintiff may raise the constitutional issues before the state court.  Plaintiff has not pled any extraordinary circumstances that would warrant intervention in the state proceedings.[14]  When, as here, a plaintiff seeks damages, his case should

---

[9] *Id.*

[10] *Id.* at 8.

[11] 401 U.S. 37, 43-45 (1971).

[12] *Id.* at 44.

[13] *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994).

[14] *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

be stayed under *Younger*, rather than dismissed.[15]  Accordingly, Plaintiff's case is administratively terminated until the criminal charges against him have been fully resolved, including any appeal.  Because the case is stayed, Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is DENIED without prejudice.

## CONCLUSION

1.      Plaintiff's Motion For Leave to Proceed *In Forma Pauperis* (Doc. No. 1) is GRANTED.

2.      Plaintiff's present custodian, the Warden of the Tucker Unit of the Arkansas Department of Corrections, his designee, or any future custodian, is directed to collect monthly payments equal to 20% of the preceding month's income in his prison account, each time the amount in that account is greater than $10, until a total of $350 has been paid. The payments should be clearly identified by the name and number assigned to this action.

3.      The Clerk of the Court is directed to send a copy of this Order to the Warden of the Tucker Unit of the Arkansas Department of Correction, P.O. Box 240, Tucker, Arkansas 72168; the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

4.      The Clerk of the Court is further directed to stay and administratively terminate this proceeding pending final disposition of Plaintiff's criminal appeal.

5.      This case is subject to reopening upon Plaintiff's filing of a motion to reopen the case after such final disposition.

6.      Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is DENIED without prejudice.

---

[15] *Night Clubs*, *Inc*. *v*. *City of Fort Smith*, 163 F.3d 475, 481-82 (8th Cir. 1998).

7.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal of this order would not be taken in good faith.

IT IS SO ORDERED this 26th day of May, 2020.


Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE